KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRENNA NICOLE WILLIAMS, an individual, on behalf of herself and those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>APEX NATIONAL SERVICES, LLC, a Georgia LLC,<br><br>Defendant. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff, BRENNA NICOLE WILLIAMS (hereinafter referred to as "PLAINTIFF"), on behalf of herself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, APEX NATIONAL SERVICES, LLC (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.     PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). DEFENDANT systematically and intentionally 1) misrepresents to consumers that

they are going to send warrants for their arrest and 2) neglects to send letters informing consumers of their rights pursuant to 15 U.S.C. § 1692g(a).

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

4.      PLAINTIFF is a natural person residing in Henderson, Nevada.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.      PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7.      DEFENDANT was formed in Georgia, the principal purpose of whose business is the collection of debts, with a principal place of business at 165 Courtland Street Suite A #224, Atlanta, Georgia, 30303.

8.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9.      PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10.      In July of 2016, DEFENDANT began calling PLAINTIFF in an attempt to collect an alleged Gateway Holdings payday loan debt from PLAINTIFF.

11.      When PLAINTIFF requested DEFENDANT validate the alleged debt, DEFENDANT represented that it does not send out validation letters.

- 2 -

12.     Approximately 5 months later, on or about December 1, 2016 DEFENDANT again called PLAINTIFF in an attempt to collect the alleged debt.

13.     During the call, DEFENDANT'S agent, Tim Jones, misrepresented to PLAINTIFF that if she did not re-pay the debt, DEFENDANT would send a warrant for PLAINTIFF's arrest and wage garnishment.

14.     DEFENDANT does not have a judgment against PLAINTIFF.

15.     DEFENDANT is not licensed as a debt collector in Nevada.

16.     DEFENDANT never sent PLAINTIFF a notice notifying her of her rights pursuant to 15 U.S.C. § 1692g(a).

## CLASS ACTION ALLEGATIONS

17.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 16 inclusive, above.

18.     PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following classes:

    a.  Class Number One: A Nevada class consisting of consumers who:

        i.   Within one year prior to the filing of this action;

        ii.  Received an initial communication from DEFENDANT, and;

        iii. Thereafter did not timely receive a written notice informing them of their rights pursuant to 15 U.S.C. § 1692g(a).

    b.  Class Number Two: A Nevada class consisting of consumer who:

        i.   Within one year prior to the filing of this action;

        ii.  Received a telephone communication from DEFENDANT;

iii.  In which DEFENDANT stated that it was going to issue a warrant for

the consumer's arrest and/or wage garnishment.

19.    PLAINTIFF does not know the exact size or identities of the classes, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that each class includes between 1,000 and 5,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed classes are so numerous that joinder of all members is impracticable.

20.    All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

a.  Whether DEFENDANT's actions violate 15 U.S.C. § 1692g(a) by not timely providing consumers with a notice informing them of their rights pursuant to the same subsection;

b.  Whether DEFENDANT's actions violate 15 U.S.C. §§ 1692e, e(2)(A), e(4), e(5), e(7), and e(10) by threatening to issue a warrant for the consumer's arrest and/or wage garnishment;

c.  The identities of individuals who received a collection attempt from DEFENDANT which violated the above subsections; and

d.  The total number of collection attempts that DEFENDANT made on consumers which violated the above subsections.

21.    PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members.  PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

22.    Upon information and belief, DEFENDANT has a practice and policy of violating

- 4 -

1    the above subsections of the FDCPA.

2        23.    PLAINTIFF will fairly and adequately represent the class members' interests and

3    has retained counsel who are qualified to pursue this litigation.  PLAINTIFF's counsel's firm,

4
5    GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits.  PLAINTIFF's counsel,

6    Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

7        24.    PLAINTIFF is committed to vigorously pursuing her claims.

8        25.    A class action is superior for the fair and efficient adjudication of the class

9    members' claims as Congress specifically envisioned class actions as a principal means of

10   enforcing the FDCPA. *See* 15 U.S.C. § 1692k.  The members of the classes are generally

11   unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

12   Prosecution of separate actions by individual members of the class would also create the risk of

13   inconsistent or varying adjudications resulting in the establishment of inconsistent or varying

14   standards and would not be in the best interest of judicial economy.

15

16       26.    A class action regarding the issues in this case does not create any problems of

17   manageability.

18       27.    If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class

19   under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20

21                        **FIRST CLAIM FOR RELIEF**

22               **VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(a)**
                 **BROUGHT BY PLAINTIFF INDIVIDUALLY AND**
23               **ON BEHALF OF CLASS NUMBER ONE**

24       28.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1

25   through 27 inclusive, above.

26

27

28

29.    Within five days of its initial communication with a consumer, a debt collector must send a written notice to the consumer informing him or her of particular rights.  15 U.S.C. § 1692g(a).

30.    In July, 2016, DEFENDANT began contacting PLAINTIFF in the attempt to collect an alleged debt.

31.    PLAINTIFF did not receive a notice from DEFENDANT informing her of her rights pursuant to 15 U.S.C. § 1692g(a).

32.    Therefore, by not sending this written notice, DEFENDANT violated 15 U.S.C. § 1692g(a).

33.    As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

34.    It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e, e(2)(A), e(4), e(5), e(7), e(10)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF CLASS NUMBER TWO**

35.    PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 34 inclusive, above.

36.    Debt collectors are forbidden from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

37.    Debt collectors are further forbidden from misrepresenting "the legal status of any debt." 15 U.S.C. § 1692e(2)(A).

38.     Debt collectors are further forbidden from misrepresenting that nonpayment of debt will result in imprisonment.  15 U.S.C. § 1692e(4).

39.     Debt collectors are further forbidden from threatening to take any action that cannot legally be taken.  15 U.S.C. § 1692e(5).

40.     Debt collectors are further forbidden from falsely representing that the consumer has committed a crime.  15 U.S.C. § 1692e(7).

41.     Finally, debt collectors are forbidden from using "any false representation or deceptive means to collect or attempt to collect any debt."  15 U.S.C. § 1692e(10).

42.     On or about December 1, 2016 DEFENDANT misrepresented to PLAINTIFF that it was going to send a warrant for PLAINTIFF's arrest and wage garnishment.

43.     DEFENDANT does not have a judgment against PLAINTIFF.

44.     By falsely representing that it was going to send a warrant for PLAINTIFF's arrest, DEFENDANT violated 15 U.S.C. §§ 1692e, e(2)(A), e(4), e(5), e(7), and e(10).

45.     Furthermore, by falsely representing that it was entitled to garnish PLAINTIFF's wages without having a judgment, DEFENDANT violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10).

46.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

47.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

48.     Please take notice that PLAINTIFF demands trial by jury in this action.

- 7 -

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)    For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)    For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)    For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)    For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5)    For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)    For any and all other relief this Court may deem appropriate.

DATED this 4th day of January 2017.

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*
